Barak Lurie (SBN 144887)
Brent A. Kramer (SBN 256243)
Travis A. Corder (SBN 237575)
**LURIE & KRAMER**
12121 Wilshire Boulevard, Suite 300
Los Angeles, California 90025
Telephone:(310) 478-7788
Facsimile: (310) 347-4442

*Attorneys for Plaintiff DARREN WILLIAMS*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>S&P GLOBAL INC., a New York corporation, IHS MARKIT LTD., a Bermuda exempted company, IHS GLOBAL INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:22-cv-01777-AB-PD<br>[Assigned to Hon. Andre Birotte Jr.]<br><br>**PLAINTIFF DARREN WILLIAMS' OPPOSITION TO NOTICE OF RELATED CASES; REQUEST FOR JUDICIAL NOTICE** |

Plaintiff Darren Williams ("Plaintiff" or "Williams") hereby opposes the Notice of Related Cases filed April 20, 2022 (dkt #23) ("Notice") by Defendants S&P Global Inc. ("S&P"), IHS Markit Ltd. ("IHS Markit") and IHS Global Inc. ("IHS Global") (S&P, IHS Markit and IHS Global are collectively referred to herein as "Defendants").

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants' Notice incorrectly alleges that the present case, *Williams v. S&P Global Inc., et al.,* C.D. Cal. case no. 2:22-cv-01777-AB-PD (herein, "Case 2") is related to a prior-filed case that is still pending between Williams and two of

the Defendants in the present case (IHS Markit and IHS Global), *Williams v. IHS Markit Ltd., et al.,* C.D. Cal. case no. 8:18-cv-02064-JLS-ADS ("Case 1").

Although the two cases share the same plaintiff (Williams), two (2) of the same defendants (IHS Markit and IHS Global) and a potential third (S&P, see below) and some of the same operative facts, they are not related for purposes of the related cases doctrine, as they do not arise from the same transactions, they do not concern the same invasion(s) of Plaintiff's primary rights, and they concern different economic harms to Plaintiff and different measures of damages. Nor would their separate litigation result in the determination of the same or substantially related or similar questions of law and fact or entail duplication of judicial labor. As a result, they are not related cases under LR 83-1.3.1.

Case 1, the first case filed (2018), is a dispute over Williams' ***entitlement to larger payment*** upon a ***sales commission*** he earned in fiscal year 2018. Case 2, the present case, is a legally discrete dispute concerning Williams' ***wrongful termination*** by the same employer which arose in 2020 (upon Williams' termination in April of that year). Williams' wrongful termination was based, at least in substantial part, upon Williams' vigorous pursuit (including by the filing of Case 1) of full payment of the commission that is disputed in Case 1. But the two suits concern separate claims – Case 1 sounds in breach of contract while Case 2 is in tort (common law wrongful termination and retaliation under Cal. Labor Code § 1102.5).

Defendants' statement that "Plaintiff seeks the payment that is the subject of [Case 1] in this suit [Case 2]" (Notice, dkt #23, p. 1 lines 26-27) is an out and out falsehood: Plaintiff seeks the payment of the withheld commission in Case 1; he seeks damages for the wrongful termination of his employment and for retaliation ***for asserting his legal rights to the commission,*** in Case 2. The two cases do not seek a double recovery. Further adding to the non-relation of the cases is the fact,

discussed below, that the IHS defendants moved in limine to exclude all evidence relating to Williams' termination in Case 1, and the judge in Case 1 agreed. (Case 1, dkt #83). Now the Defendants want to reverse their position in a transparent bid to delay the trial of Case 1.

## II. FACTUAL BACKGROUND

### A. Case 1 – *Williams vs. IHS Markit, et al.*, 8:18-cv-02064-JLS-ADS Complaint for Failure to Pay Correct Sales Commission

As discussed below and as alleged in the complaints in both cases, Williams was a long-time (over 10 years) successful salesperson for IHS Global, which, upon information and belief, was a wholly-owned subsidiary of IHS Markit.

In 2017-18, Williams obtained one of the largest sales in IHS Markit/IHS Global history, the "SSA Sale" (described below). Like many sales professionals, Williams was to be compensated pursuant to a sales incentive (*i.e.,* commission) plan (herein the "SIP").

Under the SIP, Williams was due a commission of more than $2 million for his historic sale relating to the SSA Auto Airbag Settlement, LLC client (herein, the "SSA Sale") on behalf of IHS Markit/IHS Global. Williams' SSA Sale resulted in a 1-year contract of over $29 million in favor of IHS Markit/IHS Global, and an anticipated 4-year contract value of nearly $84.5 million for the IHS defendants.

However, the IHS defendants, relying on disingenuous and byzantine interpretations of the SIP, paid Williams only approximately $10,000 for the SSA Sale.

Case 1 is Williams' effort to recover the value of the commission he should have been paid for the stunningly lucrative SSA Sale. Williams filed Case 1 in 2018. Case 1 was originally before the Honorable Josephine L. Staton. In February 2022, the parties to Case 1 consented to trial before Magistrate Judge McCormick. Currently, Case 1, after 4 years of litigation, is being prepared for trial.

As discussed further below and in the complaint in Case 2 (the ***present*** case), upon information and belief, since the original filing of Case 1, the IHS defendants have been either acquired by or merged into Case 2 co-Defendant S&P Global, Inc. (defined above as "S&P"). Accordingly, it will likely be necessary to add S&P as a co-defendant to Case 1 and/or to file a notice of substitution of party on behalf of S&P prior to trial in Case 1.

### B. <u>Case 2 – *Williams vs. S&P Global Inc., et al.*, 2:22-cv-01777-AB-PD Complaint for Wrongful Termination</u>

As recounted in the complaint in the ***present*** action (Case 2): after failing to pay Williams' rightful commission, in April 2020, on both a pretextual and retaliatory basis, Defendants wrongfully terminated Williams' employment, despite, for example, his being one of the highest-grossing sales professionals ever employed by IHS by virtue of the SSA Sale, the effects of which continue to redound to Defendants' benefit.  Williams filed Case 2 on March 17, 2022 (Case 2, dkt #1) specifically to address the wrongful termination and retaliation against him.

Case 2 is not at all concerned with Williams' entitlement to the SSA Sale commission payment. It is, rather, wholly concerned with Defendants' wrongful termination of Williams, as it includes claims for common law wrongful termination and retaliation, Cal. Labor Code §1102.5, only.

As alleged in the Case 2 complaint, Williams believes he was fired not because of any genuine need by Defendants to reduce their sales force, but because of his pursuit, including through the litigation of Case 1, of his entitlement to the full SSA Sale commission payment.

Accordingly, certain facts relating to Williams' accomplishment of the SSA Sale, his entitlement to the full commission payment, and Defendants' subsequent failure and refusal to pay him the amount owed, as well as his initiation of legal proceedings against Defendants, will be mentioned in Case 2.

**PLAINTIFF'S OPPOSITION TO NOTICE OF RELATED CASES**

**But Case 2 concerns a separate set of facts and damages than does Case 1**. Case 1's transaction is the failure to pay Williams' full commission for the SSA Sale and the resultant economic harm to Williams for not being paid that commission. Meanwhile, Case 2 concerns a separate transaction (Defendants' firing of Plaintiff); a separate invasion of a separate primary right of Williams (his right to employment); and a separate economic harm suffered by Williams (the short term, immediate economic harm from being deprived of his income and the longer-term economic harm should Williams be unable to replace his IHS-level income by subsequent employment) and, concordantly, a separate measure of damages against Defendants. **The propriety or amount of the sales commission due to Williams is not a factual or legal issue in Case No. 2**.

Defendants' arguments that separate litigation of the two cases will result in the determination of the same or substantially related or similar questions of law and fact and require duplication of judicial labor, and thus that the cases should be related under LR 83-1.3.1, are meritless red herrings. The question of fact and law that will be determined in Case 1 is whether Williams is entitled to payment of the larger commission amount under the SIP. The questions of fact and law that will be determined in Case 2 are whether Defendants' 2020 firing of Williams was legitimate or was pretextual retaliation entitling Williams to damages for the economic harm that resulted from his dismissal from lucrative employment. And as mentioned above and discussed below, by order of Judge Staton in Case 1 (Case 1, dkt #83), the latter set of factual and legal questions has been *prevented* from answer or determination in Case 1 and must be determined in Case 2.

### III. THE IHS DEFENDANTS SUCCESSFULLY DISPUTED THE RELEVANCY OF WILLIAMS' WRONGFUL TERMINATION IN CASE 1, RESULTING IN AN IN LIMINE RULING BY THE CASE 1 JUDGE BARRING EVIDENCE CONCERNING WILLIAMS' EMPLOYMENT TERMINATION IN THAT MATTER.

It is almost laughable that Defendants are now trying to relate the two cases. Notably, although Williams was wrongfully terminated by Defendants in 2020, approximately 1.5 years after Williams filed Case 1 seeking his SSA Sale commission, during the course of Case 1, the IHS defendants vigorously and successfully resisted Williams' efforts to both discover and present the facts and evidence relating to his wrongful termination. They did so by filing motions in limine in Case 1 (Case 1, Mot., dkt #75; Reply, dkt #79) which were granted in part by Judge Staton on October 21, 2021 (Case 1, dkt # 83). A copy of Judge Staton's order (Case 1, dkt #83) is attached to the Request for Judicial Notice attached to this Opposition brief.

As Judge Staton's order recounted, in their motions in limine, the IHS defendants sought to preclude "Plaintiff from introducing evidence of, mentioning, implying, referring to, arguing or otherwise insinuating anything based" on "Plaintiff's layoff in a reduction-in-force (RIF) in April, 2020." (Case 1, dkt #83, p. 3, citing IHS defendants' motions in limine, Mot. at 2, dkt #75). Judge Staton ruled, "The evidence is not relevant to any existing claim or defense in the litigation. Rather, it appears that Plaintiff seeks to assert retaliation claims relating to his layoff." (Case 1, dkt #83, p. 3.)

The IHS defendants' arguments were thus credited by Judge Staton, who prohibited Williams from further adducing evidence related to his termination from employment in Case 1. Further, in the same order, she denied Williams the opportunity to amend his complaint in Case 1 so as to add his causes of action for

wrongful termination and retaliation. (Case 1, dkt #83, p. 3.) While not explicitly instructing him to do so, the consequence of Judge Staton's ruling was to <u>require</u> Williams to bring his wrongful termination and retaliation allegations in a separate lawsuit, which he has now done, within the time limit prescribed by applicable statutes of limitation, by filing Case 2.

It is apparent why Defendants are now seeking to relate the cases. Conveniently forgetting their vigorous arguments that Williams' termination had nothing to do with his entitlement to the SSA Sale commission, they now seek to relate the two cases in order to further delay the trial of Case 1. But Defendants are judicially estopped from taking this position. (*See, e.g., Hamilton v. State Farm Fire & Cas. Co.* (9th Cir. 2001) 270 F.3d 778, 782.)

The trial of Case 1 had previously been set by Judge Staton for February 16, 2022. However, as mentioned, in February 2022, the parties agreed to have the case tried before Magistrate Judge McCormick. Case 1's discovery and dispositive motion practice is complete,[1] and trial is set for September 19, 2022, by stipulation and agreement of all parties. The Court should not bless Defendants' attempts to derail their own stipulation.

## IV. CONCLUSION

It would be easy to conflate the two cases simply because they share the same parties and both will include evidence regarding Defendants' failure to pay Williams the SSA Sale commission as part of their proof. It would be easy, but it would also be error. Williams' wrongful termination claims, as alleged in Case 2, survive whatever the result may be regarding the dispute as to his entitlement to the commission payment, which is the subject matter of Case 1. Because of this and also because the Court in Case 1 ruled to exclude evidence regarding Williams'

---

[1] In Case 1, Judge Staton denied (in part) the IHS defendants' motion for summary judgment on November 17, 2020 (Case 1, dkt #57).

wrongful termination, there is no risk of inconsistent factual findings or judgments such that the two cases should be either related or consolidated. There also is no duplication of judicial effort. The two cases do not arise out of the same legal transactions, invasion of the same primary rights, nor infliction of the same legal or economic harms.

For all of these reasons, the two cases should not be related and Case 2 should proceed in this Court.

DATED: April 25, 2022 **LURIE & KRAMER**

/s/ *Brent A. Kramer*
Brent A. Kramer, Esq.
Attorneys for Plaintiff DARREN WILLIAMS, an individual

# REQUEST FOR JUDICIAL NOTICE

Plaintiff Darren Williams hereby requests that the Court take judicial notice of the following pleadings and papers previously filed in the following action: *Williams vs. IHS Markit, et al.,* C.D. Cal. 8:18-cv-02064-JLS-ADS (herein, "Case 1"):

<u>Documents of Which Judicial Notice Is Requested</u>

1. *(In Chambers) Order Granting in Part in Denying in Part Defendants' Motions In In limine (Doc. 75)* (Case 1, dkt #83), a true and correct copy of which is attached hereto as "**Exhibit 1**."

DATED: April 25, 2022    **LURIE & KRAMER**

/s/ *Brent A. Kramer*
Brent A. Kramer, Esq.
Attorneys for Plaintiff DARREN WILLIAMS, an individual

**PLAINTIFF'S OPPOSITION TO NOTICE OF RELATED CASES**